**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3206
_____

GILMAR VASCONCELOS-DE SANTANA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A201-112-484)
Immigration Judge: Steven A. Morley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 8, 2015
_____

Before: VANASKIE, NYGAARD, and RENDELL, *Circuit Judges*.

(Opinion Filed: December 17, 2 015)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Petitioner Gilmar Vasconcelos-De Santana presents three issues for our consideration: (1) whether the Board of Immigration Appeals ("BIA") abused its discretion in denying his request to remand the matter to the Immigration Judge ("IJ") to permit him to seek relief based upon *Oliva-Ramos v. Attorney General*, 694 F.3d 259 (3d Cir. 2012), decided after the IJ ordered Vasconcelos' removal; (2) whether the BIA sufficiently reviewed the record in summarily affirming the IJ's ruling; and (3) whether the IJ abused his discretion in denying Vasconcelos' fourth motion for a continuance. For the reasons discussed below, we will deny the petition for review.

I.

Vasconcelos, a native and citizen of Brazil, entered the United States sometime prior to June 24, 2011, when the Department of Homeland Security served him with a Notice to Appear ("NTA"), charging him as a removable alien present in the country without having been admitted or paroled. *See* Immigration and Nationality Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). On August 11, 2011, Vasconcelos appeared before the IJ and sought a continuance so he could seek legal representation. The IJ granted his request and adjourned the proceedings.

On November 10, 2011, Vasconcelos appeared before the IJ with counsel, admitted the charges in the NTA, and conceded removability. The IJ then continued the hearing at Vasconcelos's request so that he could pursue prosecutorial discretion and reset the hearing for March 8, 2012. At the March 8, 2012 proceeding, Vasconcelos informed the IJ that he had only recently submitted his request for prosecutorial

2

discretion. The IJ again granted a continuance, rescheduling the hearing for August 9, 2012. At the August 9, 2012 hearing, counsel informed the IJ that the Government had denied the request for prosecutorial discretion. He then sought a further continuance so that Vasconcelos could seek advice from another attorney. The IJ denied that request and, based on Vasconcelos' admissions, sustained the charges in the NTA and found him removable.

On August 31, 2012, Vasconcelos filed a notice of appeal with the BIA. On December 26, 2012, he moved to remand the matter to the IJ, contending that our recent decision in *Oliva-Ramos* was applicable to his case and should be considered by the IJ.[1] On June 9, 2013, the BIA summarily dismissed Vasconcelos' appeal. Observing that Vasconcelos had not filed a motion to suppress in the proceedings before the IJ and failed to present any evidence to suggest that his circumstances were even remotely similar to those presented in *Oliva-Ramos*, the BIA denied his motion to remand. Concluding that Vasconcelos had conceded the facts that warranted his removal, the BIA affirmed the removal order. Vasconcelos timely appealed.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of the

---

[1] In *Oliva-Ramos*, we held that the exclusionary rule applies in removal proceedings "where constitutional violations by immigration officers are 'widespread' or evidence has been obtained as a result of 'egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained.'" 694 F.3d at 272 (quoting *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1050–51 (1984)).

BIA.  We review the BIA's denial of a motion to remand for an abuse of discretion.  *See*

*Zheng v. Att'y Gen.*, 549 F.3d 260, 264–65 (3d Cir. 2008); *Korytnyuk v. Ashcroft*, 396

F.3d 272, 282 (3d Cir. 2005).  In considering the BIA's affirmance of an IJ's ruling, we

exercise plenary review of the BIA's legal determinations and assess its factual findings

for substantial evidence.  *Demandstein v. Att'y Gen.*, 639 F.3d 653, 655 (3d Cir. 2011).

III.

Vasconcelos initially contends that the BIA abused its discretion in denying his

motion to remand because *Oliva-Ramos* was decided after his removal hearing before the

IJ and warrants relief here.  That opinion, however, simply applied the long-standing

precedent set out in *INS v. Lopez–Mendoza*, 468 U.S. 1032 (1984), where "eight Justices

agreed that the exclusionary rule should apply in deportation/removal proceedings

involving egregious or widespread Fourth Amendment violations."  *Oliva-Ramos*, 694

F.3d at 271.  As the BIA correctly explained, our recent interpretation of *Lopez-Mendoza*

"did not create a fundamental change in law[.]"  App. 3.  Vasconcelos was free to file a

motion to suppress in his four appearances before the IJ, but did not do so.  And even on

appeal to the BIA, he presented no facts that would support remand.[2]  Counsel's bald

---

[2] In *Oliva-Ramos*, there was evidence that government agents failed to obtain proper consent to enter the residence where the petitioner was sleeping, arrested him without probable cause, and seized him without reasonable suspicion.  No such evidence has been proffered here.  Nor has Vasconcelos sought to present evidence that fits within the guidelines we suggested in *Oliva-Ramos* for purposes of assessing the egregiousness of the government agents' conduct, such as whether there were "intentional violations of the Fourth Amendment," whether the seizure itself was not only without plausible legal grounds, but also "gross or unreasonable," whether there had been "threats, coercion or

representation that Vasconcelos told counsel that he had sustained "treatment at the hands of ICE" agents similar to that experienced by the alien in *Oliva-Ramos* is plainly insufficient to warrant remand. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."). Accordingly, the BIA's denial of the motion to remand was not "arbitrary, irrational, or contrary to law." *Zheng*, 549 F.3d at 265 (citation and quotation marks omitted).

Vasconcelos next contends that the BIA erred by failing to credit the favorable evidence he presented to the IJ. The BIA, however, had no need to review such evidence: Vasconcelos had conceded removability, admitted the charges contained in the NTA, and did not seek asylum or withholding of removal. After Vasconcelos acknowledged that he was removable, the IJ properly concluded that the Government had met its burden on that issue. *See Florez-de Solis v. INS*, 796 F.2d 330, 333 (9th Cir. 1986) ("[I]f the alien concedes deportability . . . , the government's burden on this issue is satisfied."); 8 C.F.R. § 1240.10(c) ("[T]he immigration judge may determine that removability as charged has been established by the admissions of the respondent."). Vasconcelos then bore the burden of establishing his eligibility for adjustment of status, which he did not attempt to do. We discern no error.

_____

physical abuse," and whether "seizures or arrests were based on race or perceived ethnicity." 694 F.3d at 279.

5

Vasconcelos also claims that the IJ abused his discretion in denying his fourth motion for a continuance. Because that issue was not presented to the BIA, we lack jurisdiction to consider it. *Abdulrahman v. Ashcroft,* 330 F.3d 587, 594–95 (3d Cir. 2003).

## IV.

For the reasons discussed above, we will deny the petition for review.